OPINION OF THE COURT
C. Raymond Radican, J.
In this adoption proceeding brought by the natural mother’s present husband, the natural father was cited to show cause why his consent should not be dispensed with on the grounds of abandonment of the infant. By notice of motion, the petitioners seek to amend the petition to add the additional ground that the respondent’s consent should not be required by reason of mental illness (Domestic Relations Law, § 111, subd 2, par [e]). Section 111 (subd 2, par [e]) of the Domestic Relations Law provides that “The determination as to whether a parent is mentally ill or mentally retarded shall be made in accordance with the criteria and procedures set forth in subdivision six of section three hundred eighty-four-b of the social services law”. In turn, section 384-b (subd 3, par [d]) of the Social Services Law provides that the Family Court shall have exclusive and original jurisdiction brought upon grounds relating to mental illness. The decision of September 30, 1981 gave an opportunity to the respondent’s present counsel to be heard on this motion particularly as to whether *1060 this court or the Family Court has jurisdiction in an adoption proceeding where it is sought to dispense with the consent of a parent because of mental illness.
While it is clear that in a proceeding under section 384-b of the Social Services Law the Family Court has exclusive jurisdiction over a proceeding seeking the termination of parental rights on the grounds of mental illness, this does not necessarily follow in a proceeding commenced under section 111 of the Domestic Relations Law on a similar ground.JWhile section 111 (subd 2, par [e]) of the Domestic Relations Law requires that the “criteria and procedures set forth in subdivision six of section three hundred eighty-four-b of the social services law” shall be followed, there is no specific indication that the terms “criteria and procedures” also have reference to the forum to be employed. The more likely intent of the statute is that what should be followed is the procedure spelled out in section 384-b (subd 6, par [e]) of the Social Services Law in relation to the appointment by the court of a psychiatrist or psychologist.
Accordingly, the motion to amend the petition to include the additional ground of mental illness is granted. The court, by decision of September 24, 1981, considered the necessity for the appointment of a guardian ad litem for the respondent based on the allegation of mental illness. However, the respondent’s present counsel resists such appointment and accordingly the report of the court-appointed psychiatrist will also be considered by the court in arriving at the necessity for a guardian ad litem, in addition to the question of possible visitation and also on the merits in the adoption proceeding itself.
In order to complete the necessary psychiatric and psychological examinations of the respondent, this matter is referred to the Nassau County Probation, Family Court Division, for such examinations and in addition for a sociological examination of the respondent which will facilitate the psychological examination, including information as to-the respondent’s occupation, employment and any other areas of pertinent inquiry which will assist it in evaluating his mental condition. Since there is a question of visitation, a sociological investigation of the infant’s home and surrounding circumstances will be helpful in an *1061 over-all evaluation of the issues. Accordingly, the petitioner’s attorney should assist in arranging such an investigation and all parties are directed to make themselves available for such investigations and examinations. The attorneys should contact Joseph L. Sciarrotta of the probation department attached to the Nassau County Supreme Court in order to assist in making arrangements for the sociological investigation and the psychological examination. The order to be submitted should provide*for its service over the Nassau County Probation Department.